UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **LISA S. TOBE and** <br> **CHRISTOHER B. TOBE,** | ) <br> ) <br> ) |
| Plaintiffs, | ) Case No. **3:15-CV-756-DJH** <br> ) |
| v. | ) *Electronically Filed* <br> ) |
| **SELECT PORTFOLIO SERVICING, INC.** | ) <br> ) |
| Serve: CSC Lawyers Incorporating <br> Service Company <br> 421 West Main Street <br> Frankfort, Kentucky 40601 | ) <br> ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| **THE BANK OF NEW YORK MELLON** | ) <br> ) |
| Serve: Deborah M. Killebrew <br> 614 West Main Street <br> Suite 2600 <br> Louisville, Kentucky 40202 | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

\* \* \* \* \*

**COMPLAINT**

1. This action seeks damages for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA") the Fair Credit Reporting Act ("FCRA") and breach of contract, and it seeks a declaratory judgment resolving the account at issue in this action. On August 12, 2009, plaintiffs Lisa and Chris Tobe sought the protection of the United States Bankruptcy Court for the Western District of Kentucky to re-organize their debts. But following successful completion of a Chapter 13 Plan, defendants Select Portfolio

Servicing and Bank of New York Mellon refuse to acknowledge the completion of that Plan and continue to attempt to collect debt that was properly paid over the course of their case.

## PARTIES AND JURISDICTION

2. Mr. and Ms. Tobe are residents of the Commonwealth of Kentucky and reside within this district. At all times relevant to this action, they were "consumers" pursuant to 15 U.S.C. 1681(a)(c) and 15 U.S.C. 1692a(3).

3. Select Portfolio Servicing is a national mortgage servicing company registered to do business in the Commonwealth of Kentucky with the Kentucky Secretary of State that does extensive business in this district and is subject to this Court's exercise of personal jurisdiction.

4. The Bank of New York Mellon is a national bank registered to do business in the Commonwealth of Kentucky with the Kentucky Secretary of State that does extensive business in this district and is subject to this Court's exercise of personal jurisdiction.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

7. On August 12, 2009, the Tobes filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky. An automatic stay applicable to the Tobes' bankruptcy filing went into effect on that same date.

8. At the time of the bankruptcy filing, the Tobes had a loan (the "Loan") with the Bank of New York Mellon ("BONY"), serviced by BAC Home Loans Servicing, LP ("BAC") and secured by their home in Jefferson County, Kentucky.

9. The Tobes submitted a Chapter 13 Plan that called for complete satisfaction of all pre-petition arrearages on the Loan. The Bankruptcy Court approved the Plan.

10. On or about September 21, 2009, BAC filed a Proof of Claim on behalf of BONY, alleging that 57,255.06 in pre-petition debt was due from the Tobes.

11. On or about December 10, 2009, BAC filed an Amended Proof of Claim on behalf of BONY, alleging that $57,067.06 in pre-petition debt was due from the Tobes.

12. On or about June 23, 2014, Bank of America, N.A. filed a Second Amended Proof of Claim on behalf of BNA, alleging that $46,554.12 in pre-petition debt was due from the Tobes.

13. Throughout the bankruptcy, the Tobes timely made all Plan payments and timely made all mortgage payments on the Loan in the normal course, outside of the Plan.

14. On or about December 2, 2014, the Tobes completed their Chapter 13 Plan and filed their Notice of Final Cure payment.

15. On or about December 16, 2014, BONY responded to the Tobes' Notice of Final Cure and agreed that the Tobes paid in full the amount required to cure the default on its claim.

16. However, BONY's response falsely stated that the Tobes failed to make post-petition payments from May 1, 2013 through December 1, 2014.

17. On or about January 12, 2015, the Tobes received a discharge from the Bankruptcy Court and their case was closed.

18. On or about January 15, 2015, Select Portfolio Servicing, Inc. ("SPS") filed a notice that the servicing rights of the Loan had been transferred to it. If the Loan was in default, SPS became a "debt collector" pursuant to 15 U.S.C. 1692a(6).

19. Thereafter, SPS refused to accept mortgage payments from the Tobes.

20. Thereafter, SPS sent multiple pieces of correspondence to the Tobes demanding payment of amounts not due.

21. Thereafter, SPS sent multiple pieces of correspondence to the Tobes threatening to commence foreclosure proceedings.

22. Since January, SPS and BONY, through its servicer SPS, have refused to accept any payment from the Tobes and allege that amounts not due must be paid to cure an alleged default.

23. Since January, SPS and BONY have reported amounts not due from the Tobes to consumer credit reporting agencies.

24. On or about March 30, 2015, the Tobes submitted a qualified written request to SPS, challenging their collection efforts and challenging the amounts claimed by SPS and BONY.

25. In response to the Tobes' qualified written request, SPS and BONY have refused to correct the Tobes' account and continue to seek amounts not due.

26. These actions have caused the Tobes to lose credit opportunities, including the opportunity to purchase and finance a needed new vehicle, have caused Mr. Tobe to lose his employment, have made it impossible for Mr. Tobe to obtain new employment, and have otherwise caused the Tobes severe emotional distress and anxiety.

## COUNT 1:
## REAL ESTATE SETTLEMENT
## PROCEDURES ACT (SPS and BONY)

27. The Tobes incorporate by reference the allegations previously set forth in this Complaint.

28. SPS and BONY's conduct, as described herein, constitutes a violation of 12 U.S.C. § 2605(e) because SPS's response to the Tobes' qualified written request contained inaccurate information and sought payment of an amount not due from the Tobes.

29. In addition to actual damages, interest, expenses and court costs, the Tobes are entitled to attorney fees and statutory damages pursuant to 12 U.S.C. § 2605(f).

## COUNT 2:
## FAIR DEBT COLLECTION PRACTICES ACT (SPS)

30. The Tobes incorporate by reference the allegations previously set forth in this Complaint.

31. The actions detailed above constitute false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, including but not limited to the following conduct:

    A. The false representation of the character, amount, or legal status of any debt;

    B. The representation or implication that nonpayment of debt would result in the seizure, garnishment, attachment, or sale of the Tobes' home; and

    C. The threat to take action that cannot legally be taken.

32. The actions detailed above further constitute unfair or unconscionable means to collect or attempt to collect debt in violation of 15 U.S.C. § 1692f, including but not limited to the collection of amounts not expressly authorized by agreement.

33. In addition to actual damages, interest, expenses and court costs, the Tobes are entitled to attorney fees and statutory damages pursuant to 15 U.S.C. § 1692k.

## COUNT 3:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT (SPS and BONY)

34. The Tobes incorporate by reference the allegations previously set forth in this Complaint.

35. By engaging in the conduct set forth above, SPS and BONY knowingly and willfully reported inaccurate information regarding the Tobes to a consumer reporting agency in violation of 15 U.S.C. § 1681a, *et seq*.

36. SPS and BONY's actions caused the Tobes to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to his credit score, credit rating, and perceived credit worthiness.

37. The Tobes demand that SPS and BONY correct this inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit reporting, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

38. In addition to actual damages, interest, expenses and court costs, the Tobes are entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681o.

## COUNT 4:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT (SPS and BONY)

39. The Tobes incorporate by reference the allegations previously set forth in this Complaint.

40. By engaging in the conduct set forth above, SPS and BONY knowingly and willfully reported inaccurate information regarding the Tobes to a consumer reporting agency in violation of 15 U.S.C. § 1681a, *et seq*.

41. SPS and BONY's actions caused the Tobes to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to his credit score, credit rating, and perceived credit worthiness.

42. The Tobes demand that SPS and BONY correct this inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit reporting, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

43. In addition to actual damages, interest, expenses and court costs, the Tobes are entitled to attorney fees and statutory damages pursuant to 15 U.S.C. § 1681n.

## COUNT 5:
## BREACH OF CONTRACT

44. The Tobes incorporate by reference the allegations previously set forth in this Complaint.

45. By engaging in the conduct set forth above, refusing to accept payments, attempting to collect amounts not due and threatening to foreclose, SPS and BONY breached the terms of the Loan with the Tobes.

46. As a direct and proximate result of SPS's and BONY's breaches, the Tobes sustained and will continue to sustain damages in an amount to be determined by the evidence at trial.

## COUNT 6:
## DECLARATORY JUDGMENT

47. The Tobes incorporate by reference the allegations previously set forth in this Complaint.

48. A dispute has arisen concerning the parties' rights and obligations under the Loan and the aforementioned federal statutes, and an actual case and controversy exists between the Tobes, SPS and BONY.

49. Accordingly, the Tobes requests that this Court enter a declaratory judgment on an expedited basis, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that SPS and BONY are obligated to accept mortgage payments from the Tobes and establishing the amount due pursuant to the Loan.

50. The Tobes further request this Court docket this matter for an early hearing pursuant to Fed. R. Civ. P. 57.

## PRAYER FOR RELIEF

Accordingly, the Tobes request that the Court grant the following relief:

1. Declaratory judgment in favor of the Tobes,

2. Judgment in favor of The Tobes, together with an award of compensatory damages;

3. An award of attorney fees, costs and expenses incurred in prosecuting this action;

4. Punitive damages;

5. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

6. Trial by jury on all triable issues; and

7. All other relief to which The Tobes may be entitled.

Respectfully submitted,

CRAIG HENRY PLC
James Craig


\_\_\_\_\_/s/ James Craig_____
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for Lisa and Chris Tobe*